## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

JANICE WILLIAMSON,      )
                         )
       **Plaintiff,**      )
                         )
**vs.**                   )     **Case No. CIV-04-1093-M**
                         )
**JO ANNE B. BARNHART,**     )
**Commissioner, Social Security**     )
**Administration,**          )
                         )
       **Defendant.**     )

## REPORT AND RECOMMENDATION

Janice Williamson ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405 (g) seeking judicial review of the Defendant Commissioner's final decision denying Plaintiff's application for disability insurance benefits and supplemental security income payments under the Social Security Act. This matter has been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Upon review of the pleadings, the record ("Tr.") and the parties' briefs, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

### Administrative Proceedings

Plaintiff initiated these proceedings in August, 1993, and in July, 1994, by filing claims, respectively, for supplemental security income payments and disability insurance benefits, alleging that discogenic disease, rapidly dissipating discs and cervical spine misalignment became disabling in February, 1993 [Tr. 37 - 40, 42 - 43 and 83]. Plaintiff's claims were denied; she subsequently sought and received a de novo hearing in May,

1995, before an administrative law judge ("ALJ") [Tr. 45 - 47, 61 - 63, 64 and 195 - 215].

The ALJ determined in an August, 1995, decision that Plaintiff was able to perform her

past relevant work and, accordingly, was not disabled [Tr. 23 - 28]. The Appeals Council

of the Social Security Administration denied Plaintiff's request for review, and Plaintiff

subsequently sought review of the Commissioner's final decision in this court [Tr. 5 - 7].

This court granted the Commissioner's motion for remand in September, 1998, and the

Appeals Council ordered a new hearing which was conducted in August, 2001 [Tr. 226,

251 - 293  and 294 - 295].  After hearing testimony both from Plaintiff and a vocational

expert, the  second ALJ found in her January, 2004, hearing decision that Plaintiff was

not disabled as she could perform her past relevant work and, in addition, that she

retained the capacity to perform work which was available in significant numbers in the

national economy [Tr. 226 - 244]. In July of 2004, the Appeals Council denied Plaintiff's

request for review, and Plaintiff, once again,  sought review of the Commissioner's final

decision in this court [Tr. 216 - 218].

## Standard of Review

This court is limited in its review of the Commissioner's final decision to a

determination of whether the ALJ's factual findings are supported by substantial evidence

in the record and whether the correct legal standards were applied. *Doyal v. Barnhart*,

331 F.3d 758, 760 (10th Cir. 2003).  However, while this court can neither reweigh the

evidence nor substitute its own judgment for that of the ALJ, the court's review is far from

superficial.  "To find that the [Commissioner's] decision is supported by substantial

evidence, there must be sufficient relevant evidence in the record that a reasonable

person might deem adequate to support the ultimate conclusion." *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988) (citation omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* at 299.

## Determination of Disability

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §§404.1520(b)-(f), 416.920(b)-(f) (2000); *see also Williams v. Bowen*, 844 F.2d 748, 750-752 (10th Cir. 1988) (describing five steps in detail). Plaintiff bears the initial burden of proving that she has one or more severe impairments. 20 C.F.R. §§ 404.1512, 416.912 (2000); *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). Where Plaintiff makes a prima facie showing that she can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show that Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Turner*, 754 F.2d at 328; *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984). In this case, the ALJ determined that Plaintiff could perform her past work as well as other work in the national economy and, thus, continued the sequential analysis through the fifth step.

## Plaintiff's Claims of Error

Plaintiff's initial claim of error involves the opinion of one of Plaintiff's treating physicians, Dr. Robbins, regarding Plaintiff's ability to work, an opinion which Plaintiff maintains was overlooked by the ALJ in her decision. Also challenged are the ALJ's credibility analysis as well as the ALJ's assessment of Plaintiff's residual functional capacity ("RFC"), an RFC which, Plaintiff argues, fails to include all limitations resulting from Plaintiff's mental impairments.

The recommendation for remand in this case rests on the ALJ's failure to include all of Plaintiff's mental functional limitations in her RFC assessment. Remand is also required as a result of the ALJ's failure to analyze the findings of Dr. Robbins, one of Plaintiff's treating physicians, under the applicable regulations. The evidentiary issues surrounding other claimed error will necessarily be impacted by further proceedings on remand and, consequently, need not be addressed here. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

## Analysis of the ALJ's Decision

The ALJ found that Plaintiff – fifty-three years old, with an eleventh grade education and with past relevant work as a bartender, a waitress and a hand finisher – had limitations due to degenerative disease and stenosis of the cervical and lumbar spine, a mild major depressive disorder, a chronic pain syndrome, an adjustment disorder with mixed anxiety and depressed mood, a personality disorder with passive-aggressive and histrionic tendencies, a history of alcohol dependence in remission, and a history of right knee arthroscopy after a fall in December, 1990 [Tr. 229 - 230].

In determining whether Plaintiff's mental disorders met the criteria of any listed impairment,[1] the ALJ considered Listing 12.04 (Affective Disorder), 12.06 (Anxiety Disorder), 12.07 (Somatoform Disorder), 12.08 (Personality Disorder), and 12.09 (Substance Addiction Disorder) and determined that Plaintiff had no more than mild restrictions in activities of daily living, moderate difficulties in maintaining social functioning and moderate deficiencies of concentration, persistence and pace [Tr. 236 - 237]. As to the latter, the ALJ specifically found that "while [Plaintiff] may have some occasional problems with persistence, she can concentrate and return to work." [Tr. 237].

After consideration of Plaintiff's subjective complaints and her credibility, the ALJ turned to the opinions of Plaintiff's treating physicians, noting that such opinions were to be accorded controlling weight when adequately supported and not contradicted by other evidence [Tr. 238 - 239]. The ALJ also observed that conclusions on the ultimate issue of disability were reserved to the Commissioner and were to be considered but not given controlling weight [Tr. 239]. The ALJ then specifically discussed the opinions of two of Plaintiff's treating physicians and provided specific rationale for disregarding such opinions. *Id.* The opinion of Dr. Robbins, the third of Plaintiff's treating physicians was not, however, mentioned.[2] *Id.*

Next, in assessing Plaintiff's RFC, the ALJ included only one non-exertional mental limitation: Plaintiff was not able to work with members of the public, a limitation consistent with that of the examining psychologist [Tr. 240]. Then, based on the

---

[1] *See* 20 C.F.R., Part 404, Subpart P, Appendix 1.

[2] During Plaintiff's hearing, the ALJ confirmed with Plaintiff that Dr. Robbins was Plaintiff's primary treating physician [Tr. 263 - 264].

5

testimony of the vocational expert in response to various hypothetical questions, the ALJ concluded that Plaintiff could return to her past relevant work as a hand finisher and, in addition, could function as an office worker and as a library shelving clerk and, consequently, was not disabled [Tr. 240 - 244].

**Mental Restrictions**

In determining that Plaintiff's various mental disorders[3] did not meet the criteria of any listed impairment, the ALJ specifically found that such impairments moderately limited Plaintiff's concentration, persistence and pace and caused her no more than moderate difficulties in maintaining social functioning [Tr. 237].[4] Nonetheless, the ALJ failed to include such limitations in Plaintiff's RFC, either as written or as articulated through hypothetical questions to the vocational expert.

Social Security Ruling 85-16, 1985 WL 56855, at *1 addresses "the issues to be considered when an individual with a mental impairment requires an assessment of the . . . [RFC] in order to determine the individual's capacity to engage in basic work-related activities." The ruling "provides guides for the determination of RFC for individuals whose mental impairment (s) does not meet or equal [a] listing, but is more than not severe," i.e., an individual such as the Plaintiff. *Id.* As the ruling explains, "[a]n individual whose impairment (s) falls between these two levels has a significant restriction in the ability to engage in some basic work-related activities [and] [i]t is, therefore, necessary to determine the RFC for these individuals." *Id.*

---

[3]*See supra*, page 5.

[4]The ALJ also determined that Plaintiff's disorders caused a mild limitation on her activities of daily living [Tr. 237].

The ruling continues by identifying the specific issues to be considered in the assessment of RFC for individuals with mental disorders:

> Regulations No. 4, section 404.1545(c)/416.945(c), presents the broad issues to be considered in the evaluation of RFC in mental disorders. It states that this evaluation includes consideration of the ability to understand, to carry out and remember instructions, and to respond appropriately to supervision, coworkers, and customary work pressures in a work setting. Consideration of these factors, which are contained in section 12.00 of the Listing of [I]mpairments in Appendix 1, is required for the proper evaluation of the severity of mental impairments.

*Id.*

One of the factors contained in section 12.00 is concentration, persistence or pace, defined as "the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." 20 C.F.R., Part 404, Subpart P, Appendix 1, Section 12.00 (C) (3).   The ALJ found that Plaintiff's concentration, persistence or pace was moderately limited by her disorders [Tr. 237] but did not include any resulting restriction in the RFC.[5]   The ALJ did indicate in the course of her findings in connection with the Listing of Impairments that "while [the Plaintiff] may have some occasional problems with persistence, she can concentrate and return to task." [Tr. 237].   This conclusion was offered without citation to any supporting medical opinion in the record and appears to be the ALJ's own diagnosis which, in any event, is inconsistent with her finding of moderate deficiencies.

---

[5]With respect to Plaintiff's moderate difficulties in maintaining social functioning, the ALJ did include a restriction on dealing with the public in Plaintiff's RFC [Tr. 240].

Having found that Plaintiff suffered from severe mental disorders which result in moderate deficiencies in concentration, persistence and pace, the ALJ erred by failing to include any corresponding restriction in Plaintiff's mental RFC. *See Wiederholt v. Barnhart,* No. 03-3251, 2005 WL 290082, at *4 (10th Cir. Feb. 8, 2005) (even mental impairments which are not themselves disabling are to be considered in determining a claimant's RFC).[6]  Such error warrants reversal of the ALJ's decision and  remand of the matter for further proceedings.

### Treating Physician's Opinion

In the course of describing the medical evidence of record, the ALJ included a discussion of Plaintiff's treatment by Dr. Robbins [Tr. 232 - 233].   While the ALJ referenced a number of exhibits relating to Dr. Robbins' treatment of Plaintiff, she failed to mention two particular pages, one a work status statement setting forth work restrictions imposed by Dr. Robbins [Tr. 188] and, the second, a letter from Dr. Robbins describing Plaintiff's treatment and his opinion regarding her limitations [Tr. 189]. Then, when later performing the required assessment of the various treating physician's opinions, the ALJ failed to mention Dr. Robbins or his opinions altogether [Tr. 239].

In an attempt to defend this omission, the Commissioner argues that "almost all of Dr. Robbins examination was normal and did not support his opinion regarding Plaintiff's limitations [and] [t]he ALJ can reject a doctor's opinion about functional restrictions or disability if it is not supported by his records." [Doc. No. 14, Brief in

---

[6]This and any other unpublished dispositions referenced herein are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

Support of the Commissioner's Decision, page 7]. While the Commissioner is correct in urging that the ALJ may reject a treating physician's opinion under certain circumstances, the ALJ must do so in writing so that the analysis can be meaningfully reviewed. As was made clear by the recent decision in *Lackey v. Barnhart*, No. 04-7041, 2005 WL 758797, at *3 (10th Cir. April 5, 2005), a written explanation is required whether the ALJ is dealing with an opinion from a treating physician or an examining physician and whether the opinion in question is a "medical opinion"[7] or an opinion on an issue reserved for the Commissioner's determination:[8]

> [W]e need not pause long over the different types of opinions here, because the ALJ's failure to mention [the physician] or his records *at all* clearly violates the Commissioner's own directives with regard to either § 404.1527 (a) (2) or § 404.1527 (e) opinions. "[W]hen, as here, an ALJ does not provide any explanation for rejecting medical [source] evidence, we cannot meaningfully review the ALJ's determination. Although we review the ALJ's decision for substantial evidence, we are not in a position to draw factual conclusions on behalf of the ALJ." *Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) (citations and quotations omitted).

## RECOMMENDATION

For the foregoing reasons, it is recommended that the final decision of the Commissioner be reversed and the matter remanded for further proceedings. The parties are advised of their right to object to this Report and Recommendation by May _5_ , 2005, in accordance with 28 U.S.C. §636 and Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation

---

[7]*See* 20 C.F.R. § 404.1527 (a) (2).

[8]*See* 20 C.F.R. § 404.1527 (e).

waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this __/5__ day of April, 2005.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE